UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb,<br>*a/k/a Charles Willis Lamb,*<br><br>      Plaintiff,<br><br>vs.<br><br>Lieber Correctional Institution pharmacy people<br>them; Lieber Correctional Institution Medical<br>Staff people them,<br><br>      Defendants. | C/A No. 2:11-1012-CMC-BHH<br><br>**REPORT AND RECOMMENDATION** |

Charles Lamb ("Plaintiff"), proceeding *pro se*, brings this civil action for money damages against persons employed by the South Carolina Department of Corrections ("SCDC"), where Plaintiff was formerly incarcerated.[1]  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint should be dismissed based upon frivolousness and maliciousness.

<u>*Pro Se* and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).  The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative

_____

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).  A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The Court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless.  *Denton*, 504 U.S. at 31.  In making this determination, the Court is not bound to accept without question the truth of Plaintiff's allegations, but rather need only weigh Plaintiff's factual allegations in his favor.  *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of

2

liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff's Complaint filed on April 28, 2011, reveals that he is not incarcerated, but that he is suing persons who worked at Lieber Correctional Institution when Plaintiff was incarcerated there. Plaintiff alleges the following:

> I would like to sue the Lieber Correctional Institution pharmacy people them for Three (300) hundred trillion thousand dollars for medical prescription damage for them tampering with my prescription order by them refusing to turn it in they got from another medical agency to turn in to there pharmacy well house to get it from there pharmacy well house to get the order for some Tylenol prescription Tylenol for my hand because my hand was hurting on me. Investigate the hold institution medical well house damage log book. Investigate the hold medical. Investigate damage medical log book prescribe prescription. Investigate my hold medical health condition medical records old columbia hospital. Investigate the hold institution.

Compl. 3. Plaintiff has repeatedly filed civil actions, which allege that certain defendants at Lieber Correctional Institution denied Plaintiff certain pain medication related to his hand pain. This Court takes judicial notice that, prior to the action *sub judice*, Plaintiff had filed forty-seven (47) civil actions since August of 2008.[2] In three (3) civil actions filed by Plaintiff when he was incarcerated, a "strike" pursuant to 28 U.S.C. § 1915(g) was entered because the civil actions were dismissed as frivolous, or because the named defendants were either

---

[2] *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

immune from or not amenable to suit under 42 U.S.C. § 1983.[3]  *See Lamb v. Kirkland Corr. Inst. Med. Agency*, C/A No. 8:09-105-CMC-BHH (D.S.C. Feb. 25, 2009); *Lamb v. John Does, et al.*, C/A No. 8:09-322-CMC-BHH (D.S.C. April 9, 2009); *Lamb v. Kirkland Corr. Med. Staff*, C/A No. 8:09-1854-CMC-BHH (D.S.C. Aug. 13, 2009).  To date, Plaintiff has filed at least twenty (20) cases which have been summarily dismissed by this Court due to frivolity, maliciousness, naming immune defendants, or failure to state a claim upon which relief may be granted.[4]  In addition, Plaintiff has filed eight (8) cases which have been dismissed for lack of prosecution/failure to comply with an order of this Court.[5]  Eighteen (18) additional cases have been dismissed due to the "three strikes" rule of 28 U.S.C. § 1915(g).[6]

---

[3] This Court is not applying 28 U.S.C. § 1915(g) to this case because Plaintiff is not a "prisoner."  Instead Plaintiff's prior strikes are listed to show his previously filed frivolous lawsuits.

[4] *See* Civil Action Numbers: 8:08-3558-CMC-BHH; 8:08-3685-CMC-BHH; 8:08-3732-CMC-BHH; 8:09-105-CMC-BHH; 8:09-322-CMC-BHH; 8:09-477-CMC-BHH; 8:09-478-CMC-BHH; 8:09-726-CMC-BHH; 8:09-964-CMC-BHH; 8:09-1231-CMC-BHH; 8:09-1240-CMC-BHH; 8:09-1622-CMC-BHH; 8:09-1655-CMC-BHH; 8:09-1656-CMC-BHH; 8:09-1805-CMC-BHH; 8:09-1806-CMC-BHH; 8:09-1853-CMC-BHH; 8:09-1854-CMC-BHH; 8:09-1855-CMC-BHH; 8:09-1903-CMC-BHH.

[5] *See* Civil Action Numbers: 8:08-2805-CMC-BHH; 8:09-725-CMC-BHH; 8:09-1029-CMC-BHH;  8:10-729-CMC-BHH;  8:10-730-CMC-BHH;  8:10-731-CMC-BHH;  8:10-732-CMC-BHH; 8:10-733-CMC-BHH.

[6] *See* Civil Action Numbers: 8:09-2282-CMC-BHH; 8:09-2283-CMC-BHH; 8:09-2693-CMC-BHH; 8:09-3107-CMC-BHH; 8:09-3108-CMC-BHH; 8:10-153-CMC-BHH; 8:10-154-CMC-BHH; 8:10-155-CMC-BHH; 8:10-176-CMC-BHH; 8:10-257-CMC-BHH; 8:10-258-CMC-BHH;  8:10-259-CMC-BHH;  8:10-260-CMC-BHH;  8:10-261-CMC-BHH;  8:10-723-CMC-BHH; 8:10-724-CMC-BHH; 8:10-727-CMC-BHH; and 8:10-728-CMC-BHH.

<u>Discussion</u>

Plaintiff has been advised in prior lawsuits in this Court that his similar claims about the alleged refusal to provide Tylenol 3 prescription medicine for hand pain by defendants employed at Lieber Correctional Institution had no arguable basis in law.  For example, in *Lamb v. Med. Staff People Them at Lieber Corr. Inst.*, C/A No. 8:09-1656-CMC-BHH, where Plaintiff complained that Lieber staff did not continue to provide Tylenol 3 prescription medicine for his pain, this Court ruled that Plaintiff had not stated a cognizable claim based upon deliberate indifference to medical care.  *Id.*, ECF No. 8, 10.  Therefore, because Plaintiff filed another action raising almost identical allegations when he has been informed that the allegations do not state a cognizable claim, this action should be dismissed on the ground of frivolousness and maliciousness pursuant to § 1915(e)(2)(B)(i).  *See Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'").  It is frivolous and malicious for a Plaintiff to continue to file similar complaints again and again, where Plaintiff has been informed that they have no merit, and it is a waste of this Court's judicial resources.

<u>Recommendation to Consider Imposing a Prefiling Injunction</u>

This Court has the authority to order a prefiling injunction or other appropriate sanction against vexatious litigants.  *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).  *See also Thomas v. Fulton*, 260 Fed.Appx. 594 (4th Cir. Jan. 7, 2008) (a prefiling injunction must be narrowly tailored to fit the circumstances of the case); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981) ("joined other courts in approving prefiling review of complaints brought by prisoners with a history of litigiousness"); *Graham v.*

5

*Riddle*, 554 F.2d 133, 135 (4th Cir. 1977). Overly litigious, malicious, and/or vexatious individuals, place a burden on the judicial system and divert judicial resources from other pending litigation. A court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992). A district court may not impose an order of prefiling review *sua sponte*. *See Cromer*, 390 F.3d at 819. *See also Pardo v. Fed. Corr. Inst. Petersburg*, No. 94-6035, 19 F.3d 1429 (4th Cir. March 23, 1994) (before enjoining the filing of future actions, a district court must afford the litigant notice and an opportunity to be heard). Therefore, it is recommended that this Court should issue a notice and rule to show cause why an order of prefiling review should not issue. The factors this Court should consider in deciding whether to issue a prefiling injunction are:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*See Thomas v. Fulton*, 260 Fed.Appx. 594, 596 (4th Cir. 2008) (quoting *Cromer*, 390 F.3d at 818).

Prior to the action *sub judice*, Plaintiff has filed forty-seven (47) complaints in this Court since August of 2008. Many of those complaints set forth frivolous, repetitive claims regarding Plaintiff's failure to obtain Tylenol 3 prescription medicine while incarcerated at Lieber Correctional Institution. Plaintiff has demonstrated that he is a vexatious and abusive litigant in this Court. Plaintiff's repetitive complaints have placed a large burden on this Court to continue to review Plaintiff's cases which fail to state cognizable claims related to the same subject matter. Therefore, it is recommended that, after issuing a

6

notice and rule to show cause and hearing any objection by Plaintiff, this Court should consider a narrowly tailored prefiling injunction to direct the Clerk of Court to return any civil action submitted to this Court by the Plaintiff, unfiled, where a complaint raises a claim related to Plaintiff's failure to obtain Tylenol 3 prescription medicine while incarcerated at Lieber Correctional Institution, unless Plaintiff pays the full statutory filing fee (currently $350.00) at the time any new civil case is submitted for filing.

<u>Recommendation</u>

It is recommended that this action be dismissed without prejudice and without issuance of service of process based upon frivolousness and maliciousness.  It is further recommended that this Court consider issuing a prefiling injunction against Plaintiff related to future lawsuits.  **Plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

May 11, 2011
Charleston, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).