IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Charles Lamb, | ) | C/A NO. 2:11-1012-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION** |
| v. | ) | **and** |
| | ) | **ORDER IMPOSING** |
| Lieber Correctional Institution pharmacy | ) | **PREFILING INJUNCTION** |
| people them; Lieber Correctional Institution | ) | |
| Staff people them, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, brought in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation. On May 11, 2011, the Magistrate Judge issued a Report recommending that this matter be dismissed as frivolous under 28 U.S.C. § 1915(e). Additionally, the Magistrate Judge recommended of the entry of a prefiling injunction regarding future matters filed by Plaintiff, commonly known in this Circuit as a "Riddle Order." *See Graham v. Riddle*, 554 F.2d 133 (4th Cir. 1977). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

1

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

On May 11, 2011, the Clerk mailed Plaintiff a copy of the Report. Having received no further communication from Plaintiff, and after considering the available sanctions,

**IT IS HEREBY ORDERED** that the Clerk of Court shall return, unfiled, any new civil action filed by Plaintiff relating to any conditions of his previous incarceration (including, but not limited to, issues and contentions regarding his alleged 2008 hand injury) which is not accompanied by the full statutory filing fee at the time any new civil case is submitted for filing.

However, any new civil action filed *pro se* by Plaintiff, wherein he seeks to proceed *in forma pauperis*, and which raises claims unrelated to any condition of his previous incarceration shall be assessed for filing as any other civil action. Should it become necessary to expand this prefiling

injunction to cover *any* new case filed by Plaintiff, the undersigned will revisit the breadth of this prefiling injunction.

This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 7, 2011